## Len Billingsley v. The State.*

### (*Knoxville*. September Term, 1927.)

Opinion filed November 21, 1927.

1. CRIMINAL LAW. CARRYING ARMS. UNLAWFUL SEARCH. ILLEGAL ARREST. EVIDENCE.

Where it appears that two officers were making an unlawful search for a still, the defendant ran away and after going a distance pulled a pistol and fired, the evidence as to the unlawful carrying of the pistol was not subject to the exception that it was obtained as a result of an unlawful search and illegal arrest. (Post, p. 117.)

2. CRIMINAL LAW. UNLAWFUL SEARCH. EVIDENCE.

Evidence obtained as a result of an unlawful search is inadmissible in a criminal case. (Post, p. 117.)

3. CRIMINAL LAW. UNLAWFUL SEARCH. EVIDENCE.

Where an unlawful act of the officer discloses the unlawful act of the defendant the evidence of such unlawful act is inadmissible. (Post, p. 117.)

Citing: Hughes v. State, 145 Tenn. (18 Thomp.), 554.

4. CRIMINAL LAW. UNLAWFUL SEARCH. EVIDENCE. RULE.

This court is not disposed to further extend the rule of evidence relating to unlawful search. (Post, p. 118.)

---

*Headnotes 1. Criminal Law, 16 C. J., section 1110 (Anno); 2. Weapons, 40 Cyc., p. 862.

---

FROM CLAIBORNE.

---

Appeal from the Criminal Court of Claiborne County. —Hon. W. H. Buttram, Judge.

J. H. S. MORRISON, for plaintiff in error.

ROY H. BEELER, Assistant Attorney-General, for defendant in error.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

The plaintiff in error, referred to herein as defendant, was presented and convicted for carrying a pistol, and, in addition to the statutory fine of $50, was sentenced to the county workhouse for a period of thirty days.

(1) Testimony was introduced to the effect that two officers, without a search warrant, went upon a woodland belonging to the defendant in search of a still, which they found. When the defendant saw the officers he ran, and, after getting off a piece, pulled out his pistol and fired at the officers. This testimony was excepted to, and the exception was properly overruled by the trial court. The evidence as to the pistol was not obtained as a result of an unlawful search or an illegal arrest. If the defendant had not drawn his pistol and exhibited it the officers would not have seen it.

(2) This court has held in numerous cases that evidence obtained as the result of an unlawful search was inadmissible. For example, where premises were unlawfully searched and whisky found, testimony as to the possession of the whisky was held incompetent. Likewise, where a person was unlawfully searched and a pistol found. But here the evidence as to carrying a pistol was not obtained as a result of any search.

(3) As was pointed out in *Hughes* v. *State*, 145 Tenn., 554, this is not a case "in which an unlawful act of the officer itself disclosed the unlawful act of the defendant."

The distinction is obvious, *(4)* and we are not disposed to extend the rule further than was done in the Hughes and other cases.

In this view of the case the court did not commit error in charging the jury that if, in the circumstances testified to, the defendant drew his pistol and fired at the officers, he would be guilty of unlawfully carrying arms.

The judgment of the trial court will be affirmed.